```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/15/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------X
UNITED STATES OF AMERICA              :
                                      :
     -against-                        :   No. 00 Cr. 54 (JFK)
                                      :
RUDI GONZALEZ,                        :   **OPINION & ORDER**
                                      :
                    Defendant.        :
----------------------------------------X

APPEARANCES

FOR DEFENDANT RUDI GONZALEZ:
     Pro Se

FOR THE UNITED STATES OF AMERICA:
     Matthew R. Shahabian
     U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

   Before the Court is a pro se motion by Defendant Rudi Gonzalez seeking a sentence reduction and his immediate release due to the COVID-19 pandemic. Gonzalez brings the motion pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute. The Government opposes Gonzalez's request.

   For the reasons set forth below, Gonzalez's motion is DENIED.

   **I. Background**

   Unless otherwise noted, the following is taken from the materials the parties submitted; Gonzalez's Presentence Investigation Report, dated October 14, 2009; and the Court's August 21, 2012 Opinion & Order denying Gonzalez's petition to

1

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, Gonzalez v. United States, No. 11 Civ. 8650 (JFK), 2012 WL 3583161 (S.D.N.Y. Aug. 21, 2012).  In ruling on Gonzalez's request, the Court has considered the arguments advanced in his pro se motion (ECF No. 58); the Government's letter in opposition (ECF No. 62); and Gonzalez's reply (ECF No. 63).

On January 14, 2000, Gonzalez was arrested after a confidential informant working with the Drug Enforcement Agency bought two kilograms of cocaine from him and his co-defendant in this action.  Following his arrest, Gonzalez entered into a cooperation agreement with the Government, and on March 20, 2000, he pleaded guilty to conspiracy to distribute cocaine and heroin, in violation of 21 U.S.C. § 846; distributing and possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 812 and 841; and distributing and possessing with intent to distribute heroin, in violation of 21 U.S.C. §§ 812 and 841. Subsequent to his guilty plea, Gonzalez was released on bail without objection from the Government.  Before he could be sentenced, however, Gonzalez fled the United States. Approximately nine years later, Gonzalez was arrested in the Dominican Republic, at which time he waived extradition and was returned to the United States.

As relevant here, following a remand for resentencing, the Court found a Guideline offense level of 36 and a Criminal

History Category of I, which resulted in a Guidelines sentencing range of 188–235 months' incarceration.  During Gonzalez's resentencing, the Court noted that it was not obligated to impose a sentence below the mandatory minimum merely because Gonzalez qualified for so-called "safety-valve" relief under 18 U.S.C. § 3553(f), and it once again sentenced Gonzalez to concurrent sentences of 216 months' incarceration on each of the three counts.  On November 15, 2011, the Second Circuit affirmed Gonzalez's sentence. See United States v. Gonzalez, 440 F. App'x 34, 38 (2d Cir. 2011) (summary order).

In 2014, Gonzalez moved for a reduction in sentence in light of subsequent amendments to the U.S. Sentencing Guidelines. See United States v. Gonzalez, No. 00 Cr. 54 (JFK), 2016 WL 8667819, at *1 (S.D.N.Y. Feb. 1, 2016).  On February 1, 2016, the Court granted Gonzalez's request, reducing his sentence by thirty-six months to a total term of 180 months' imprisonment. See id.  On January 18, 2017, the Second Circuit affirmed Gonzalez's reduced sentence. See United States v. Gonzalez, 674 F. App'x 90, 92 (2d Cir. 2017) (summary order).  To date, Gonzalez has served approximately 146 months of his sentence.  He is scheduled for release on February 5, 2022. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 8, 2021).

On April 13, 2021, Gonzalez filed a pro se motion requesting a reduction in sentence and his immediate compassionate release due to the pandemic caused by the coronavirus, COVID-19.  (ECF No. 58.)  Gonzalez's motion explained that he has already once contracted COVID-19; he suffers from certain health issues—namely, high cholesterol, prediabetes, and allergies; and he is deeply worried about his well-being should he contract COVID-19 again.  The Court ordered the Government to respond, and on April 30, 2021, the Government opposed Gonzalez's request on the grounds that no extraordinary and compelling reasons support his release which, in any event, would be inappropriate under the sentencing factors set forth in 18 U.S.C. § 3553(a).  (ECF No. 62.)  On June 1, 2021, Gonzalez filed a reply in which he reiterated his request for release.  (ECF No. 63.)  Gonzalez's reply argues that, while he has now received a vaccine against COVID-19, he nevertheless may suffer from long-term medical issues as a result of his earlier infection and his underlying high cholesterol.

## II. Discussion

### A. Legal Standard

18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment "upon motion of the defendant" provided the defendant has exhausted certain administrative requirements. 18 U.S.C. § 3582(c)(1)(A).  Under these circumstances, a court may

4

reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i).  In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A).  "Application of the § 3553(a) factors requires an assessment of whether the relevant factors outweigh the extraordinary and compelling reasons warranting compassionate release and whether compassionate release would undermine the goals of the original sentence." United States v. Daugerdas, --- F. Supp. 3d ---, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations and internal quotation marks omitted) (quoting United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020)).

In the Second Circuit, the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "is not 'applicable' to compassionate release motions brought by defendants," and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020).  Accordingly, as the

court in United States v. Harris, No. 15 Cr. 445 (PAE), 2020 WL 5801051 (S.D.N.Y. Sept. 29, 2020), explained:

> when assessing a motion brought directly by an imprisoned person rather than by the [Bureau of Prisons], the Court is constrained neither by [§] 1B1.13's enumeration of extraordinary and compelling reasons, nor by its freestanding requirement that the defendant seeking release not pose any danger to the community. Rather, the Court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." However, even if such reasons are present, the Court must also assure itself that release is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable."

Id. at *2 (footnote and internal citations omitted).

"[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

### B. Analysis

The Court is sympathetic to the heightened risk certain individuals face from COVID-19, and it has, on very limited occasions, modified an incarcerated defendant's sentence for such reasons. See United States v. Smith, 454 F. Supp. 3d 310, 315 (S.D.N.Y. 2020) (granting release to medically "high risk" and non-violent 62-year-old who suffered from asthma, high cholesterol, blood clots, a thyroid condition, and suspected multiple myeloma); but see United States v. Kerrigan, No. 16 Cr.

6

576 (JFK), 2020 WL 2488269, at *4 (S.D.N.Y. May 14, 2020) (denying release to non-violent 43-year-old with obesity, liver disease, and high cholesterol). Nevertheless, after considering the 3553(a) factors in this case, the Court is not persuaded that extraordinary and compelling reasons exist to reduce Gonzalez's sentence. Accordingly, Gonzalez's motion must be denied. See 18 U.S.C. § 3582(c) (stating a court "may not modify a term of imprisonment once it has been imposed" without a finding that "extraordinary and compelling reasons warrant such a reduction").

First, Gonzalez has failed to articulate a sufficiently extraordinary or compelling reason why his sentence should be modified. The foundation of Gonzalez's request is the threat posed by COVID-19. Fortunately, however, Gonzalez has received an approved vaccine which is "safe and effective at preventing COVID-19," "make[s] it substantially less likely [Gonzalez] will get COVID-19," and will "help[] keep [Gonzalez] from getting seriously ill even if [he] do[es] get COVID-19." Benefits of Getting a COVID-19 Vaccine, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last visited June 8, 2021). Having now received such protection from the virus, the fundamental and overriding purpose of Gonzalez's request for immediate release—i.e., the desire to remove him from an

environment where he may be exposed to the disease—is significantly less compelling.

Further, Gonzalez is 54 years old—notably younger than the Centers for Disease Control and Prevention's ("the CDC") former high-risk cutoff age of 65.  And, although Gonzalez asserts that he suffers from high cholesterol, prediabetes, and allergies, he does not suffer from a sufficiently serious health condition looked to by courts in this context, such as severe asthma, severe obesity, cancer, or immunocompromization. See People at Increased Risk, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited June 8, 2021) see also, e.g., United States v. Mood, No. 19 Cr. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-year-old with diabetes, high cholesterol, and obesity where "[t]here is no question that [the defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication").

Second, and equally decisive here, even if Gonzalez's health risks and the COVID-19 pandemic could provide extraordinary and compelling reasons for a sentence reduction, application of the 3553(a) factors outweighs any such justification for early release.  Here, the factors that weigh in Gonzalez's favor, such as the need to provide necessary medical care, are overshadowed

by the combined force of "the nature and circumstances of the offense" (i.e., Gonzalez's participation in a conspiracy to distribute cocaine and heroin and his willful nine-year flight from justice) as well as the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). For the same reasons that necessitated Gonzalez's original and subsequently reduced term of incarceration, which were discussed at his sentencing and resentencing and are incorporated by reference here, the Court finds that modifying Gonzalez's imprisonment would disserve the above important sentencing factors. Accordingly, Gonzalez's motion is denied.

### III. Conclusion

For the reasons set forth above, Defendant Rudi Gonzalez's motion for a reduction in sentence is DENIED.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 58.

**SO ORDERED.**

Dated:  New York, New York
        June 15, 2021

                                        _____
                                        John F. Keenan
                                        United States District Judge